IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRI-CHEM SPECIALTY CHEMICALS, | § | |
| LLC d/b/a TRI-CHEM INDUSTRIES, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 4:21-cv-175 |
| IMPEDIO ENTERPRISES, LLC and | § | Honorable Judge Reed O'Connor |
| CHRIS SALINAS, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| IMPEDIO ENTERPRISES, LLC | § | |
| Counter-Plaintiff, | § | |
| vs. | § | |
| | § | |
| TRI-CHEM SPECIALTY CHEMICALS, | § | |
| LLC d/b/a TRI-CHEM INDUSTRIES, | § | |
| Counter-Defendant | § | |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND DEFENDANT IMPEDIO ENTERPRISES, LLC'S COUNTERCLAIM
### (with Jury Demand)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, Impedio Enterprises LLC and Chris Salinas ("Defendants") file their Answer and Affirmative Defenses and Defendant Impedio Enterprises, LLC's files its Counterclaim with demand for Jury Demand and would respectfully state as follows:

## I.
## DEFENDANTS' ANSWER

**DISCOVERY LEVEL**

1. Defendants deny the allegations in Paragraph 1 of the First Amended Petition

2. Defendants admit the allegations in Paragraph 2 of the First Amended Petition

**PARTIES AND SERVICE**

3. Defendants are without knowledge or information sufficient to form a belief or to the truth of accuracy of the allegations in Paragraph 3 of the First Amended Petition; accordingly, those allegations are denied.

4. Defendants deny the allegations in Paragraph 4 of the First Amended Petition

5. Defendants deny the allegations in Paragraph 5 of the First Amended Petition

**JURISDICTION AND VENUE**

6    Defendants deny the allegations in Paragraph 6 of the First Amended Petition

7.    Defendants deny the allegations in Paragraph 7 of the First Amended Petition.

**FACTUAL BACKGROUND**

8.    Defendants deny the allegations in Paragraph 8 of the First Amended Petition

9.    Defendants deny the allegations in Paragraph 9 of the First Amended Petition

**SUIT ON ACCOUNT**

10.    Defendants deny the allegations in Paragraph 10 in the same manner ands fashion in which they denied the incorporated paragraphs of the First Amended Petition.

11.    Defendants deny the allegations in Paragraph 11 of the First Amended Petition. See also Section II.

12.    Defendants deny the allegations in Paragraph 10 in the same manner ands fashion in which they denied the incorporated paragraphs of the First Amended Petition.See also Section II.

**BREACH OF CONTRACT**

13.    Defendants deny the allegations in Paragraph 13 in the same manner ands fashion in which they denied the incorporated paragraphs of the First Amended Petition.

14.    Defendants deny the allegations in Paragraph 14 of the First Amended Petition.

**BREACH OF GUARANTEE AGREEMENT**

15. Defendants deny the allegations in Paragraph 15 in the same manner ands fashion in which they denied the incorporated paragraphs of the First Amended Petition.

16. Defendants deny the allegations in Paragraph 16 of the First Amended Petition.

**QUNATUM MERUIT**

17. Defendants deny the allegations in Paragraph 17 in the same manner ands fashion in which they denied the incorporated paragraphs of the First Amended Petition.

18. Defendants deny the allegations in Paragraph 18 of the First Amended Petition.

**ATTORNEYS' FEES**

19. Defendants deny the allegations in Paragraph 18 of the First Amended Petition.

**CONDITION PRECEDENT**

20. Defendants deny of the allegations in Paragraph 120 of the First Amended Petition. See also Section II.

**II.**
**SPECIFIC DENIALS UNDER RULE 9(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

21. Defendants specifically deny that Chris Salinas is a proper party to the suit.

22. Defendants specifically deny each and every item in the Plaintiff's sworn account, which is the basis of Plaintiff's action, and demand strict proof of all items in the account. Defendants specifically dispute the receipt of all of the goods. The products shipped were defective and not compliant with the specifications as they were ordered. Defendants specifically dispute the correctness of the stated charges. Defendants dispute and deny the "account" since it is an unauthenticated Quick Books printout that is not accurate.

23.    Defendants specifically deny Plaintiff's claim that it performed all conditions precedent.

### III.
### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff is in breach of the contract under which it sues**.**

### SECOND DEFENSE

Failure of the goods to conform to the contract terms and specifications gave Defendants the option to reject the goods and not pay for the goods.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part by fraud.

### SEVENTH DEFENSE

Plaintiff's clams are barred in whole or party because Plaintiff failed to give notice.

### EIGHTTH DEFENSE

There was was a failure of consideration.

### NINETH DEFENSE

There was a lack of acceptance of the goods

### TENTH DEFENSE

Plaintiff failed to mitigate damages, if any.

## ELEVENTH DEFENSE

There was a cancellation of future orders after the Plaintiff failed to deliver the good as specified and refused to accept return of the goods or provided substitute conforming goods.

## TWELFTH DEFENSE

The contract(s) under which Plaintiff sues is/are ambiguous.

Defendants reserve the right to assert additional defenses to Plaintiff's claims as investigation and discovery may warrant.

## IV.
## COUNTERCLAIM

## I.
## PARTIES

1.      Counter-Plaintiff is Impedio Enterprises, LLC.

2.      Counter-Defendant is Tti-Chem Specialty Chemicals, LLC [hereinafter Tri-Chem"] is located  Cresson, Texas and registered as a limited liability company in the State of Texas.

## II.
## VENUE AND JURISDICTION

3.      The Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because Counter-Plaintiff is a citizen of a different state than Counter-Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as it is the district where a substantial part of the events or omissions giving rise to the claim occurred.

## III.
## FACTUAL ALLEGATIONS

5.      Impedio Enterprises, LLC is in the business of distributing and selling hand sanitizer.

6.      In the course of the international COVID pandemic, the requirements for hand sanitizer increased dramatically and delivery requirements were urgent.

7.      Impedio Enterprises, LLC sells its hand sanitizer product to customers who in turn sell it to retail customers.  Its customers include large national big box retailers.

8.      Impedio Enterprises, LLC entered into an agreement with Tri-Chem Specialty Chemicals, LLC to purchase hand sanitizer gel manufactured at Tri-Chem's facility. The parties agreed that the hand sanitizer would meet certain written specifications.

9.     The ethanol hand sanitizer gel was specifically designated to be "clear" and this was a material term to the purchase of the hand sanitizer gel.  The clarity was a material term as Impedio's big box customers required that the hand sanitizer be a clear solution.

10.     Tri-Chem represented that it could supply the quality and quantity of the hand sanitizer sought by Counter-Defendant and also confirmed that it could produce the hand sanitizer gel expeditiously with quick turn-around times.

11.     Impedio Enterprises, LLC designed and prepared labels so that the hand sanitizer could be sold to Counter-Plaintiff's customers.

12.      Arrangements were made for the hand sanitizer gel to be shipped to Counter-Plaintiff and its customers in very large volumes.

13.     Upon delivery to Impedio the product was refused and rejected as defective because the hand sanitizer gel did not meet specifications including the fact that the hand sanitizer was cloudy, milky and not clear as ordered and specified.

14.     In particular, one customer determined that 10 truckloads were found to be defective in an amount of 1,110,780 (10 x 43560 x 2.55).

15.     Impedio demanded that Tri Chem accept a return of the product.

16.     Tri Chem did not stand behind the product it manufacture and would not and has not replaced the defective product.  Tri Chem refused to accept the return of the defective product as well.

17.     As a result of the rejection of product, Impedio is stuck the defective product.

18.     The result of Tri Chem's  wrongful acts and omissions was catastrophic.  Impedio suffered tremendous financial losses and the loss of the reputation of the business to deliver quality product.

19.     As a result of Counter-Defendant's wrongful acts and omissions, Counter-Plaintiff has been damaged in an amount in excess of the minimum jurisdiction of the Court.

## V.
## BREACH OF CONTRACT

20.     Counter-Plaintiff repeats and re-alleges Paragraphs 1 through 19 as though fully set out herein.

21.     Counter-Defendant breached the Agreement between the parties by selling and shipping defective product.

22.     Counter-Defendant breached the agreement by refusing to take back the defective product and replacing the defective product.

23.     Under the circumstances of the COVID pandemic, the need for hand sanitizer was substantial and the demand for deliveries was urgent.  Counter-Plaintiff's customers were relying on Counter-Plaintiff as their source for quality product.

24.     By Counter-Defendant's furnishing defective product and refusing to accept returns, the economic loss to Counter-Plaintiff was catastrophic and caused Counter-Plaintiff to lose its business

25.     As a result of the Defendant's actions, Plaintiffs have been damaged in a sum in excess of the minimum jurisdiction of this Court.

## VI.
## BREACH OF WARRANTY

26.     Counter-Plaintiff repeats and re-alleges Paragraphs 1 through 25 as though fully set out herein.

27.    Counter-Defendant assured and warranted to Counter-Plaintiff that it would provide quality ethanol hand sanitizer gel tin conformance with FDA guidelines and that the product would be clear and would meet the following specifications.

**Product: TC – Ethanol Hand Sanitizer Gel**
**Product Code: 019956** TC – Ethanol Hand Sanitizer Gel is a 70% by volume Ethyl Alcohol based antibacterial hand sanitizer gel produced under appropriate cGMP controls in an FDA Registered Establishment (No. 3015194715) for Active Pharmaceutical Ingredients and conforming to FDA guidelines for use as an OTC Topical Antimicrobial Hand Sanitizer.

Flash Point: 16°C (60.8°F)
Viscosity: <3,000 cps
Specific Gravity: 0.870


Color Clear
Odor Alcohol

pH (at 20C) 6.5 – 7.8
Specific gravity (at 20C) 0.860=0.880
Viscosity (cps) 500-3000
Ethyl Alcohol % v/v 70..00-70.50
Glycerol* % v/v 0.775-1.50
Hydrogen Peroxide** % v/v 0.125=0.225
DI/RO Water % v/v 29.25-27.75
Color APHA < 10

*Glycerol inclusion rate based on customer request.
 Refer to FDA Temporary Policy for Alcohol Based Hand Sanitizer Products reference number 10.
**Dosed as 34% to meet 0.125% min. active concentration per FDA g

28.    Counter-Defendant breached the Agreement between the parties by providing and shipping defective product that did not meet the specifications.

29.    Counter-Defendant warranted that the ethanol hand sanitizer gel manufactured at it facility would meet the accepted FDA quality standards as well.

30.    As a result of Counter-Defendant's breach of warranty Counter-Plaintiff has suffered damages in excess of the minimum jurisdiction of the Court.

**VII.**
**BREACH OF UCC (Tex. Bus. & Com. Code § 2.101 et seq.)**

31.     Counter-Plaintiff repeats and realleges Paragraphs 1 through 30 as though fully set out herein.

32.     Counter-Defendant breached the applicable provisions of the UCC.

33.     Counter-Defendant failed to deliver the product pursuant to the specifications ordered and the FDA guidelines.

34.     Counter-Plaintiff rightfully rejected the product and justifiably revoked acceptance of the product.

35.     Counter-Plaintiff sought to have the product replaced, however Counter-Defendant refused to do so.

36.     Counter-Plaintiff cancelled the remaining orders for goods pending the Counter-Defendant pending  resolution of the quality control issues with the product.

37.     Unfortunately, due to the circumstances of the COVID pandemic and high demand for hand sanitizer, Counter-Plaintiff could not acquire substitute product.

38.     As a result of Counter-Defendant's breach of the UCC, Counter-Plaintiff is entitled to recover damages.

**VIII.**
**NEGLIGENT MISREPRESENTATIONS, FRAUD, FRAUD IN THE INDUCEMENT, FRAUD BY NONDISCLOSURE**

39.     Counter-Plaintiff repeat and re-allege the Paragraphs 1 through 38 as though fully set out herein.

40**.**     The COVID pandemic created an urgent need for hand sanitizer.

41.     Counter-Defendant took advantage of the urgent need, and made misrepresentations to Counter-Plaintiff regarding Tri-Chem's ability to manufacture large

quantities of ethanol hand sanitizer gel quickly and in conformance with the FDA guidelines and agreed specifications.

42.    Relying on the above representations, and without knowledge of Counter-Defendant's misrepresentations, omissions and failures to disclose, Counter-Plaintiff was induced into purchasing large quantities of the hand sanitizer product from Counter-Defendant.

43.    Tri-Chem made false statements, without a reasonable belief that they was true, for the purpose of inducing Counter- Plaintiff to enter into the business transactions.

44.    Tri-Chem made the representations "in the course of his business" or in pursuit of a transaction where it had a personal financial interest.

45.    Tri-Chem supplied "false information" to "guide" Counter-Plaintiff in its business.

46.    Tri-Chem failed to "exercise reasonable care" in gathering or disseminating the false information.

47.    Tri-Chem misrepresented the quality of the hand sanitizer gel and Tri-Chem's ability to manufacture the product in the quantity and quality ordered and in conformance with FDA guidelines and the agreed specifications.

48.    Furthermore, Tri-Chem represented that it stood by its product and would replace defective product in a reasonable time period.

49.    Tri-Chem induced Counter-Plaintiff into entering into the transactions under false pretenses and with misinformation.

50.    Tri-Chem knew or had reason to believe that the statements were false.

51.    Tri-Chem made the false statements with the intent that Counter-Plaintiff would act upon them and enter into the financing agreements.

52.    Counter-Plaintiff relied on the representations to its detriment.

53.    Counter-Defendant deliberately failed to disclose material facts, including the its ability to manufacture the ethanol hand sanitizer gel in the quantity and quality ordered and in conformance with FDA guidelines and agreed specifications.

54.    Counter-Defendant had a duty to disclose such facts to the Counter-Plaintiff.

55.    Counter-Plaintiff was ignorant of the facts and did not have an equal opportunity to discover them.

56.    Counter-Defendant intended the Counter-Plaintiffs to act or refrain from acting based on the nondisclosure.

57.    Counter-Plaintiff relied on the non-disclosure to its detriment.

58.    As a result of Counter-Defendant's wrongful acts and omissions Counter-Plaintiff suffered tremendous financial losses due to its "justifiable reliance" on the Counter-Defendant's representations.

**VII.**
**VIOLATIONS OF TEXAS DECEPTIVE BUSINESS PRACTICES ACT**

59.    Counter-Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 58 as though set forth herein verbatim

60.    Counter-Plaintiff is a consumer as defined by Texas Business & Commerce Code §17.45(4).

61.    Counter-Defendant committed false, misleading, or deceptive acts or practices in conduct of trade or commerce relied on by consumer, Counter-Plaintiff to consumers' detriment.

62.    Counter-Plaintiff, relying on the above representations, and without knowledge of Counter-Defendant's misrepresentations, omissions and failures to disclose, induced Counter-Plaintiff to enter into the transaction to purchase hand sanitizer gel.

63.    The representations, statements and failures to disclose made by the Counter-Defendant were false, misleading and deceptive in the following respects pursuant to Texas Business & Commerce Code §17.46:

(1)    Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(2)    Causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

(3)    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

(4)    Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(5)    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(6)    Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

(7)    Misrepresented its capabilities to manufacture the ethanol hand sanitizer gel in the quality, quantity and specifications ordered;

(8)    Misrepresented that it would stand by its product;

(9)    Misrepresented that it would replace rejected product;

(10)   Falsely and/or recklessly represented and promised it would diligently, competently and faithfully manufacture the hand sanitizer gel.

64.    Counter-Defendant engaged in an unconscionable course of action that produced damages to Counter-Plaintiff by fraudulently inducing Counter-Plaintiff into purchasing the ethanol hand sanitizer gel and taking advantage of the COVID pandemic urgency.  Counter-Defendant made false and misleading representations and with knowledge that material facts and information were withheld from Counter-Plaintiff resulting in violation of Texas Deceptive

Trade Practices Act §17.50(a)(3) and §17.45(5).

65.    Counter-Defendant's conduct was committed knowingly and therefore Counter-Plaintiff is entitled to the additional damages authorized by DTPA § 17.50(b)(1).

66.    Counter-Defendant's acts and omissions were the producing cause of Counter-Plaintiff's damages in the form of compensatory damages, actual damages, mental anguish, and interest in an amount in excess of the minimum jurisdiction of the Court.

67.    Counter-Plaintiffs incurred attorney's fees that were necessarily incurred, and that attorney's fees made and to be made were and will be reasonable.

## VIII.
## PROMISSORY ESTOPPEL

68.    Counter-Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through Paragraph 67 as if such allegations were fully restated herein.

69.    Tri-Chem promised that it would manufacture the ethanol hand sanitizer gel in conformance with FDA guidelines and the agreed specifications of Counter-Plaintiff, including that the product would be clear.

70.    Tri-Chem further promised that it would stand by its product and would seasonbly replace any product that was rejected,

71.    Counter-Plaintiff relied on Tri-Chem's promises.

72.    Counter-Plaintiff suffered catastrophic losses based upon the promises of Tri-Chem both before and after the initial transaction.

73.    It would be unjust for Counter-Plaintiff not to compensate Counter-Plaintiff for its losses it has sustained and the Court should enter a judgment for all of Counter-Plaintiff's damages and losses as a result of Tri-Chem's promissory estoppel.

## IX.
## CONDITIONS PRECEDENT

74.     All conditions precedent to bring the current action have been performed or have

otherwise been satisfied.

## X.
## ATTORNEY'S FEES

75.     As a result of the acts and conduct of Counter-Defendant, Counter-Plaintiff has

been required to retain counsel to prosecute this claim.  Pursuant to the TEXAS CIVIL PRACTICE

AND REMEDIES CODE § 38.001, TEXAS BUSINESS AND COMMERCE CODE § 17.50(d) and in equity,

Counter-Plaintiff is entitled to recover, in addition to any damages, a sum for reasonable

attorney's fees for such attorney's services in the preparation and prosecution of this action, as

well as a reasonable fee for any and all appeals required.

## XI.
## DEMAND FOR JURY TRIAL

Counter-Defendant Impedio Enterprises, LLC hereby assert its rights under the Seventh

Amendment of the United States Constitution and demand, in accordance with Federal Rules of

Civil Procedure 38, a trial by jury on all the issues.

## XII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that Plaintiff take nothing by

its suit; Defendant/Counter-Plaintiff further prays that Plaintiff/Counter-Defendant  be cited to

appear and answer, and that upon final hearing hereof, the Counter-Plaintiff recover from

Counter-Defendant the following:

    a.      A sum in excess of the minimum jurisdictional amount of this Court;

    b.      Costs of suit and attorney's fees as are equitable and just;

c.    Prejudgment interest and post-judgment interest at the highest rate allowed by law;

d.    Such other and further relief to which Couter-Plaintiff may show itself to be justly entitled.

Respectfully submitted,

THE FEIN LAW FIRM, P.C.

By: _____

**Eric D. Fein**
State Bar No. 06879020
*efein@feinlawfirm.com*
**Vickie S. Brandt**
State Bar No. 24031878
*vbrandt@feinlawfirm.com*
16800 Dallas Parkway, Suite 105
Dallas, Texas 75248
214-522-9596 Telephone
214-522-9599 Facsimile
***Counsel for Defendants Impedio Enterprises, LLC and Chris Salinas***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was forwarded via ECF E-File, E-Serve, E-Mail, Certified Mail, Return Receipt Requested, First Class Mail, Facsimile, and/or Hand Delivery to the Counsel of Record listed below on this the 1st day of March 2021.

***Via ECF and E-Mail***
James T. Drakeley
Laurie N. Patton
Shelby Wilson
Spencer Fane LLP
5700 Granite Parkway, Suite 650
Plano, Texas 75024
*jdrakeley@spencerfane.com*
*lpatton@spencerfane.com*
*swilson@spencerfane.com*
***Counsel for Plaintiff, Tri-Chem***
***Specialty Chemicals LLC, dba***
***Tri-Chem Industries***

Eric D. Fein

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRI-CHEM SPECIALTY CHEMICALS, LLC d/b/a TRI-CHEM INDUSTRIES, Plaintiff, | § § § § | |
| vs. | § § | |
| IMPEDIO ENTERPRISES, LLC and CHRIS SALINAS, | § § § | CIVIL ACTION NO. 4:21-cv-175 Honorable Judge Reed O'Connor |
| Defendants. | § § § | |

## DECLARATION OF CHRIS SALINAS

| | |
|---|---|
| STATE OF CALIFORNIA | § |
| | § |
| COUNTY OF LOS ANGELES | § |

1.      "My name is Chris Salinas.  I am over 18 years of age, of sound mind, and capable of making this Declaration, and I have personal knowledge of the facts stated herein and they are true and correct. I have personal knowledge of facts and the statements made herein because they pertain to me in my role as CEO, Manager of Impedio Enterprises, LLC and because I participated in the facts, events and circumstances described herein."

2.      "I am the CEO and Manager of Impedio Enterprises, LLC."

3.      Sworn Account. "I specifically deny each and every item in the Plaintiff's sworn account, which is the basis of Plaintiff's action, and demand strict proof of all items in the account. I specifically dispute the receipt of all of the goods. The products shipped were defective and not compliant with the specifications as they were ordered. I specifically dispute the correctness of the stated charges.  I dispute and deny the "account" since it is an unauthenticated Quick Books printout that is not accurate."

4.      Rejection of goods. "The product tendered to Impedio Enterprises, LLC was not

as ordered and did not meet the agreed written specifications. The goods shipped were defective non-conforming goods. Defendant Impedio Enterprises, LLC had the right to reject the non-conforming goods and had no obligation to pay for tendered goods that were non-conforming defective goods that failed to meet agreed specifications."

5.     Estoppel, Waiver and Unclean Hands. "The Plaintiff tendered goods that were not in conformance with the agreed specifications after representations were made in writing and otherwise that Impedio Enterprises, LLC and Chris Salinas acting in his capacity as its CEO heavily relied upon. It was determined that the sanitizer was cloudy, milky and was deemed non-conforming and unacceptable.  Despite having made affirmative and specific representations to the contrary both before and after the purchase orders were placed, Plaintiff did not manufacture or deliver the goods according to the specification and pursuant to the stated terms.  Further, Plaintiff was silent on the condition of the product and by knowing omission failed to notify Impedio Enterprises, LLC of the non-conforming nature of the goods to the detriment of Impedio Enterprises, LLC. Plaintiff was to supply product in a precise form and condition in accordance with agreed written specifications, but the sanitizer that was tendered was cloudy, milky and in a state that did not meet the agreed specifications. Defendant Impedio Enterprises, LLC had the right to reject the non-conforming goods and had no obligation to pay for tendered goods that were non-conforming defective goods that failed to meet agreed specifications. Plaintiff refused to accept a return of the defective goods or supply substitute conforming goods. See also paragraphs 4 and 6-13."

6.     Plaintiff is in breach of the contract for which it sues.  "The product tendered to Impedio Enterprises, LLC was not as ordered and did meet the agreed specifications.  Defendant Impedio Enterprises, LLC had no obligation to pay for shipments of defective non-conforming

goods that were a breach of contract for the purchase and sale of the goods with agreed exact specifications."

7.     "On behalf of Impedio Enterprises, LLC I transacted business with Plaintiff on the basis that it could produce the product as ordered and specified. Plaintiff represented to me it could and would deliver Ethanol Hand Sanitizer Gel with following specifications:

**Product: TC – Ethanol Hand Sanitizer Gel**
**Product Code: 019956** TC – Ethanol Hand Sanitizer Gel is a 70% by volume Ethyl Alcohol based antibacterial hand sanitizer gel produced under appropriate cGMP controls in an FDA Registered Establishment (No. 3015194715) for Active Pharmaceutical Ingredients and conforming to FDA guidelines for use as an OTC Topical Antimicrobial Hand Sanitizer.

Flash Point: 16°C (60.8°F)
Viscosity: <3,000 cps
Specific Gravity: 0.870


Color Clear
Odor Alcohol

pH (at 20C) 6.5 – 7.8
Specific gravity (at 20C) 0.860=0.880
Viscosity (cps) 500-3000
Ethyl Alcohol % v/v 70..00-70.50
Glycerol* % v/v 0.775-1.50
Hydrogen Peroxide** % v/v 0.125=0.225
DI/RO Water % v/v 29.25-27.75
Color APHA < 10


*Glycerol inclusion rate based on customer request.
 Refer to FDA Temporary Policy for Alcohol Based Hand Sanitizer Products reference number 10.
**Dosed as 34% to meet 0.125% min. active concentration per FDA g

8.     "Plaintiff committed material fraud when it tendered goods that were not in conformance with the specification requirements after representations were made in writing and otherwise that Impedio Enterprises, LLC and Chris Salinas acting in his capacity as its CEO heavily relied upon. It was determined that the sanitizer was cloudy, milky and was deemed non-conforming and unacceptable. Despite having made affirmative and specific representations to

the contrary both before and after the purchase orders were placed, Plaintiff did not manufacture or deliver the goods according to the specification and pursuant to the stated terms.  Further, Plaintiff was silent on the condition of the product and by knowing omission failed to notify Impedio Enterprises, LLC of the non-conforming nature of the goods to the detriment of Impedio Enterprises, LLC. Plaintiff was to supply product in a precise form and condition in accordance with agreed written specifications, but the sanitizer that was tendered was cloudy, milky and in a state that did not meet the agreed specifications."

9.    "I specifically deny that all conditions precedent occurred as plead by Plaintiff. The Plaintiff did not send notice and present its claim for breach of contract or non- payment of the defective hand sanitizer."

10.    There was a failure of consideration.   "The product tendered to Impedio Enterprises, LLC was not as ordered and did not meet the agreed written specifications The goods shipped were defective non-conforming goods. Defendant Impedio Enterprises, LLC had no obligation to pay for non conforming defective goods that failed to meet agreed specifications."

11.    There was a lack of acceptance of the goods.  "The product tendered to Impedio Enterprises, LLC was not as ordered and did not meet the agreed written specifications The goods shipped were defective non-conforming goods. Defendant Impedio Enterprises, LLC notified Plaintiff it had no obligation to pay for non conforming defective goods that failed to meet agreed specifications."

12.    Plaintiff failed to mitigate.  "The product tendered to Impedio Enterprises, LLC was not as ordered and did not meet the agreed written specifications.  The goods shipped were defective non-conforming goods.  Defendant Impedio Enterprises, LLC notified Plaintiff it had

no obligation to pay for non-conforming defective goods that failed to meet agreed specifications. Plaintiff refused to accept a return of the defective goods or supply substitute conforming goods."

13 Cancellation. "Defendant Impedio Enterprises, LLC cancelled its orders when the product tendered to Impedio Enterprises, LLC was not as ordered and did not meet the agreed written specifications The goods shipped were defective non-conforming goods. Defendant Impedio Enterprises, LLC notified Plaintiff it had no obligation to pay for non-conforming defective goods that failed to meet agreed specifications. Plaintiff refused to accept a return of the defective goods or supply substitute conforming goods."

14.     Ambiguity. "The Guaranty is ambiguous. The guaranty was signed by me solely in my capacity as CEO of Impedio Enterprises, LLC."

FURTHER DECLARANT SAYETH NOT.

**STATE OF CALIFORNIA**              §
                                     §
**COUNTY OF LOS ANGELES**            §

"My name is Chris Salinas, my date of birth is June 10, 1976 and my address is 277 N. Green Street, Los Angeles, California 91105.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Los Angeles County, State of California, on the 1ˢᵗ day of March, 2021.

_____
CHRIS SALINAS